FILED'05 DEC 09 15:23USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| SHERMAN H. BURLESON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 03-1496-TC |
| | ) | |
| v. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| JEAN HILL, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

COFFIN, Magistrate Judge.

Presently before the court is the petition for habeas corpus relief (#2).

## BACKGROUND

Petitioner was indicted by a Wasco County grand jury on two counts each of Rape in the First Degree, Rape in the Second Degree, Sodomy in the First Degree, Sodomy in the Second Degree, and Kidnapping in the First Degree,[1] stemming from events that occurred during the night of October

---

[1] The two first degree sodomy charges were subsequently dropped.

1 - FINDINGS AND RECOMMENDATION

22, 1997, in which petitioner was alleged to have abducted or coerced a thirteen-year-old friend of his daughter into accompanying him to various locations where, on two distinct occasions during the night, he sexually assaulted her. Petitioner pleaded not guilty, and contended, inter alia, that the sexual relations were consensual. However, following a jury trial, petitioner was convicted on all eight remaining counts, and was sentenced to 440 months imprisonment, plus a period of post-prison supervision. Petitioner appealed his sentences, but the sentences were upheld by the Oregon Court of Appeals. Petitioner sought review by the Oregon Supreme Court, but review was denied. Petitioner then sought state post-conviction relief, alleging ineffective assistance of trial and appellate counsel, trial court error, and prosecutorial misconduct, but the state PCR court denied relief, and the Oregon Court of Appeals summarily affirmed. Petitioner sought review of one claim of ineffective assistance of trial counsel by the Oregon Supreme Court, but the court denied review.

Petitioner subsequently filed the petition for federal habeas corpus relief presently before the court. In his petition, petitioner alleges that trial counsel was ineffective for failing to challenge a juror (to wit, the former sheriff of Wasco County), in violation of petitioner's Sixth Amendment right to effective assistance of counsel.[2]

## APPLICABLE LAW ON DEFERENCE TO STATE COURT DETERMINATIONS

Petitioner filed his original petition for habeas corpus relief after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, AEDPA applies to the review of his petition.

The relevant portion of AEDPA amended 28 U.S.C. § 2254 by adding the following:

---

[2]Petitioner originally sought relief on numerous other grounds as well; however, only this issue was briefed in his memorandum in support of the petition. As such, the remaining claims are deemed abandoned and relief on those claims should be denied.

2 - FINDINGS AND RECOMMENDATION

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

State court determinations need not be deferred to in every case. See Williams v. Taylor, 529 U.S. 362, 389 (2000)("If, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody . . . violates the Constitution, that independent judgment should prevail."). However,

AEDPA plainly sought to ensure a level of deference to the determinations of state courts, provided those determinations did not conflict with federal law or apply federal law in an unreasonable way. Congress wished to curb delays, to prevent "retrials" on federal habeas, and to give effect to state convictions to the extent possible under law. When federal courts are able to fulfill these goals within the bounds of the law, AEDPA instructs them to do so.

Williams, 529 U.S. at 386 (citation omitted).

For a state court decision to warrant deference under AEDPA, "[it] must be (1) adjudicated (2) on the merits (3) in a state court proceeding (4) that resulted in a decision." Greene v. Lampert, 288 F.3d 1081, 1089 (9th Cir. 2002). The last-reasoned state court decision is the one considered. Van Lynn v. Farmon, 347 F.3d 735, 738 (9th Cir. 2003). Deference may be granted even if the state court's findings are brief. See McClure v. Thompson, 323 F.3d 1233, 1241 (9th Cir. 2003); Downs v. Hoyt, 232 F.3d 1031, 1035 (9th Cir. 2000) (deference given to findings set out in short letter and findings of fact, when issues were then fully briefed to the appellate courts). An independent review

of the record must be conducted when the state court did not supply a reasoned decision, Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000), but the ultimate decision is still given deference. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

## DISCUSSION

### I. Allowing a former sheriff to sit on his client's jury was not *per se* ineffective assistance of counsel.

As a threshold matter, the court finds that the post-conviction court's letter opinion is the last reasoned decision of the state court. In its opinion, the PCR court dealt almost exclusively with petitioner's criticism of the trial court's determination that he should wear a shock belt and leg brace during the trial, an issue not directly before this court. Following that discussion, the PCR court noted, inter alia, that:

> I agree with the defendant's assertions of fact as to the shackling. I find that the court made the necessary findings.
>
> Petitioner also makes allegations concerning the altering of a tape. Def 109 is an affidavit of Eric Nisley, DA, and his affidavit supports that the tape was not altered.
>
> <u>Petitioner did not meet his burden as to the balance of his claims. I agree with the defendant's assertions in the defendant's trial memorandum.</u>

Memorandum of Opinion & Findings and Conclusions (#21, Ex. 119) at 6 (emphasis supplied).[3] In relevant part, the specific conclusions of the PCR court were that:

> 5. ... Petitioner was not denied the right to assistance of counsel, as guaranteed by either the United States Constitution as articulated by the United States Supreme Court in <u>Strickland v. Washington</u>, 466 US 668 (1984), or the Constitution of the State of Oregon.

---

[3]The defendant's (i.e., the state's) trial memorandum argued, in relevant part, that counsel's decision to leave the former sheriff on the jury was a tactical and strategical one, and that there was, in any event, no evident bias nor prejudice to petitioner resulting from that decision. Trial Memorandum (#21, Ex. 112) at 14-15.

4 - FINDINGS AND RECOMMENDATION

> . . .
>
> 7. Petitioner presented no evidence that would clearly have a tendency to affect the result of the prosecution.
>
> 8. Trial Counsel's representation, and presentation of issues, evidence and defenses, and other matters were within the scope of tactical choice. Strickland v. Washington, 466 US at 689[.]
>
> 9. Trial Counsel demonstrated reasonable professional skill and judgment.

Memorandum of Opinion & Findings and Conclusions (#21, Ex. 119) at 8-9. Although I will not credit the specific arguments of the state in its PCR briefing as due AEDPA deference, it is clear that the PCR court considered petitioner's contention that counsel was ineffective for failure to challenge the former sheriff, and that the court concluded that such was a matter within the scope of tactical choice, that it was not unreasonable, and that petitioner suffered no prejudice as a result. These conclusions are due deference, even in the absence of specifically delineated factual findings.

Regardless, I have independently reviewed the record, and I concur with the state court conclusions. While I would consider it unlikely that a defense attorney would affirmatively seek to have a former law enforcement officer on a client's jury, I cannot say that it is per se ineffective assistance of counsel to choose not to challenge one, particularly given the facts of this case. It may well be that counsel believed that a seasoned, former sheriff would view his client's admission that he had sexual relations with a thirteen-year-old with less shock and with more emotional restraint than the typical Wasco County juror. Perhaps counsel simply believed that a lifetime of examining evidence and evaluating the credibility of individuals would make the sheriff more likely than an average juror to accept his client's version of the case (i.e., that the victim's testimony that the sexual encounters were coerced or forced was not truthful). Whatever the rationale for keeping him on, the

decision was within the scope of tactical choice.[4]

It may well be that, as petitioner posits, counsel could have challenged the sheriff for cause, on the basis that his familiarity with the sheriff's office and with petitioner's past was enough to suggest a presumptive bias.[5] However, that is a far different thing from asserting that counsel's tactical choice to keep the sheriff on was constitutionally ineffective. I do not find that under the circumstances and legal issues presented here the doctrine of implied bias applies in such a way as to constitute a Sixth Amendment violation.[6] The conclusion of the state court that petitioner's Sixth Amendment rights were not violated was not unreasonable, nor contrary to federal law, and should be upheld.

///

///

///

///

///

---

[4]Petitioner argues that the former sheriff lied during voir dire, and did not acknowledge his profession or familiarity with individuals in the courtroom, and that it was thus ineffective for counsel to fail to challenge the sheriff on this basis. However, save for petitioner's claim, there is no evidence that the sheriff failed to accurately answer the voir dire questions posed to him, and I find it difficult to believe that the former sheriff of Wasco County could be called and questioned on a Wasco County jury panel and succeed in maintaining anonymity. Indeed, the sheriff was interviewed by the media following the trial specifically as the former sheriff, strongly suggesting that people following the proceeding were quite aware of who he was.

[5]I note here that there is no evidence of actual bias, or of any juror misconduct, nor is there a claim for such.

[6]As such, I find no need to address the question of whether the doctrine of implied bias can reasonably be considered "clearly established Federal Law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

6 - FINDINGS AND RECOMMENDATION

## **CONCLUSION**

The state court resolution of petitioner's ineffective assistance of counsel claim alleging that it was a Sixth Amendment violation to allow the former Wasco County sheriff to remain on the jury is due deference, was not unreasonable or contrary to law, and should not be disturbed. Petitioner's remaining federal habeas claims were abandoned. Relief on all grounds in the petition before the court should be denied, and the petition should be dismissed.

DATED this 9th day of December, 2005.

_____
Thomas M. Coffin
United States Magistrate Judge